### No.——

### First Circuit Appeal.

---

## SUCCESSION OF EMILE J. LEBLANC OPPOSITION OF A. J. FINNEY

(June 12, 1925, Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Attorney—Par. 22. Mandate—Par. 13.**
A contract for the services of members of the legal profession is not a hiring of labor, but a mandate which may be revoked at any time, compensation being due only for services already performed, when revocation takes place unless otherwise expressly agreed.

Appeal from the Parish of St. Tammany, Hon. Prentiss B. Carter, Judge.

This is an opposition to the tableau of distribution filed by a Testamentary Executrix. The opponent is an attorney who wishes recognition on the account of his fee as attorney.

There was judgment against opponent and opponent appealed.

Judgment affirmed.

Cappel & Plauche, of Covington, attorneys for plaintiff, appellee.

A. J. Finney, of Covington, attorney for defendant, appellant.

LECHE, J. The opponent in this case is an attorney at law, and his demand is, that he be adjudged entitled to a fee of three hundred dollars from the Succession of Emile J. LeBlanc, and that he be recognized as a creditor for said amount on the tableau of distribution filed by the Testamentary Executrix.

The fact is that a few days or some short time previous to his death, the deceased Emile J. LeBlanc while sick in bed,

requested opponent to call on him. Opponent acceded to this request and called upon LeBlanc and that interview was held in the presence of Mrs. Youngblood, daughter of the deceased and testamentary exec-utrix of his last will and testament. Opponent and Mrs. Youngblood, the only witnesses as to what transpired in the sick chamber of the deceased, are far apart in their testimony. Mrs. Youngblood says that LeBlanc wished to make a written donation entre-vifs, of an automobile to her three boys and that opponent was called in to draw up the act and this was the sole purpose of opponent's visit. Opponent admits that this subject was discussed, but claims in addition, that LeBlanc who expected momentarily to die, promised to have him, as attorney at law, to settle his succession.

It is likely if we understand properly the testimony of opponent, that the discussion about an act of donation entre-vifs of the automobile, incidentally brought in the subject of a donation mortis causa of the whole estate of the deceased. Opponent however in his pleadings, does not claim remuneration for passing an act of donation of an automobile nor does he allege that he performed any service in the settlement of the succession. The last will and testament of the deceased had at the time of the interview, already been drawn up in olographic form, and after the death of LeBlanc, it was probated by other attorneys who were employed by the Executrix to settle the succession. Opponent pitches his cause of action entirely on the fact that he made a contract with LeBlanc to settle the latter's succession, that the contract has been violated and that he is therefore entitled to remuneration or damages, in the sum of three hundred dollars.

The case might be disposed of by holding that the proof is not sufficiently certain to uphold the alleged contract, but even if it were admitted that Mrs. Youngblood is in error, and that LeBlanc did on his death-bed, promise to have opponent settle the succession, opponent is nevertheless not entitled to the claim which he urges in the opposition. He is in error in construing the contract as one of hiring of labor. A contract for the services of members of the legal profession is not a hiring of labor but a mandate, which may be revoked at any time, compensation being due only for services already performed, when revocation takes place, unless otherwise expressly agreed. Gurley vs. New Orleans, 41 La. Ann. 75, 5 South. 659; Butchers Union Case, 41 La. Ann. 360, 6 South. 508; Louque vs. Dejon, 129 La. 520, 56 South. 427.

The district court rejected opponent's claim and that ruling appears to us to be correct and should be affirmed, and

It is so ordered.